## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 3:08CR      (AHN)** |
| | : | |
| **v.** | : | |
| | : | |
| **YOUNG B. KIM** | : | |
| a/k/a "Dgaiden" | : | **18 U.S.C. § 371  [Conspiracy]** |
| a/k/a "wrheck2" | : | **18 U.S.C. § 2319  [Copyright Infringement]** |
| a/k/a "gaidy" | : | **17 U.S.C. § 506(a) [Copyright Infringement]** |

## INFORMATION

The Government charges that:

### COUNT ONE
(Conspiracy)

### I. Background

1.      At all times relevant to this Information, the defendant **YOUNG B. KIM**

possessed, maintained, or had access to one or more computers connected to the Internet and

communicated online using the aliases "Dgaiden", "whreck2" and "gaidy".

### II. Object of the Conspiracy

2.      Beginning at a time unknown and, although no later than in or about September

2002, through in or about March 2004, in the District of Connecticut and elsewhere, the defendant

**YOUNG B. KIM**, a/k/a "Dgaiden," "whreck2" and "gaidy" and others known and unknown to the

Government (the "Conspirators") did knowingly and willfully conspire, combine, confederate, and

agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of

a copyrighted work for purposes of commercial advantage and private financial gain, by

reproducing and distributing during a 180-day period ten (10) or more copies of one or more

copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18,

United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III.  Manner and Means of the Conspiracy

3.      It was a part of the conspiracy that the defendant **YOUNG B. KIM** and

others known and unknown to the Government were participants in the "warez scene" -- that is,

individuals and organized groups of individuals ("warez groups") who engage in the duplication,

modification, reproduction, and distribution of copyrighted software over the Internet, in violation

of federal copyright law.

4.      It was further a part of the conspiracy that the defendant **YOUNG B. KIM**

and others known and unknown to the Government would obtain access to "pirated" software --

that is, computer software, games, and movies that had been "cracked" (i.e., had their copyright

protections removed or circumvented) by other participants in the warez scene.  The defendant

**YOUNG B. KIM** and others known and unknown to the Government would then distribute such

pirated software to various file storage sites ("FTP sites") on the Internet for others to access,

reproduce, and distribute.

5.      It was a part of the conspiracy that the defendant **YOUNG B. KIM** and

others known and unknown to the Government would establish, maintain, and support a number of

FTP sites consisting of one or more computers connected to the Internet for the purpose of

receiving, storing, and distributing pirated software.  Some of these FTP sites were known in the

warez scene at various times as "Kalisto-drop," "Firewire," "Firesite," "Optical Illusion," and

"DOH."

6.      It was further a part of the conspiracy that the Conspirators would alter the

constituent files of digital copies of copyrighted works in order to circumvent copy and access controls embedded thereon, and then transfer or upload the pirated copyrighted works to several FTP sites operated by and for members of prominent warez groups. This was done with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators. Over the course of this conspiracy, these sites accumulated tens of thousands of digital files, consisting of copyright-protected software programs, PC and console games, movies, and music files.

7.   It was further a part of the conspiracy that, in exchange for cracking copyrighted versions of computer and computer console games, and in exchange for uploading pirated copies of copyrighted works to various FTP sites, defendant **YOUNG B. KIM** and other Conspirators would obtain a number of pirated copies of copyrighted works for their own personal use and enjoyment.

Overt Acts

8.   In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

a.   From in or about September 2002 through in or about March 2004, on numerous occasions, the defendant **YOUNG B. KIM** obtained copies of copyrighted computer and console game software, removed the copyright protections from the software (by a "ripping" or reformatting process, among other processes), and then uploaded this software and portions thereof to a computer system used by members of a number of illegal "warez" groups so that other members of these groups could illegally duplicate and further distribute that copyrighted software. The defendant **YOUNG B. KIM** also tested cracked titles for functionality for the Conspirators.

b.  From on or about September 2002 through on or about March 2004, the defendant **YOUNG B. KIM** and other Conspirators known and unknown to the United States Attorney uploaded and downloaded thousands of pirated copyrighted works to and from several computer systems with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators.  In total, over the course of the above conspiracy, the Conspirators stored and distributed tens of thousands of individual copyrighted works over the FTP sites operated by illegal warez groups, including "Kalisto-drop," "Firewire," "Firesite," "Optical Illusion," and "DOH" -- with many of those copyrighted works being reproduced and distributed more than once.

All in violation of Title 18, United States Code, Section 371.

THE UNITED STATES OF AMERICA


_____

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY



_____

ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY



_____

EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY